**LING ELECTRIC, INC., Appellant,**

v.

**FEDERAL INSURANCE COMPANY,**
Appellee.

No. 12278.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 30, 1968.

Decided Jan. 15, 1969.

**562**

R. M. Ginsberg and Jack D. Eades, Dallas, Tex. (W. W. Speight and W. H. Watson, Greenville, S. C., on brief), for appellant.

John H. Anderson, Raleigh, N. C., and Ray Rankin, Charlotte, N. C., for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

This appeal was heard along with No. 12,277 in this court. The trial in the instant action (No. 523 in the District Court) was consolidated or conducted simultaneously with the action (No. 518 in the District Court) which is embraced in appeal No. 12,277. With the exception of a tort claim, the two cases involved the same issues and rested on the same evidence.

The District Judge treated both cases in a single opinion, United States v. Alpha-Continental, 273 F.Supp. 758 (E.D. N.C.1967), q. v. He sustained the assertion of F. E. Robinson Co. of North Carolina, the labor subcontractor of Ling Electric, Inc., that Ling had breached the labor subcontract. We affirmed in No. 12,277 on the findings and for the reasons stated in that opinion.

Ling's principal claim in the present appeal, as it was in the trial court, is against the appellee, Federal Insurance Company, principally on the alleged default of Robinson in execution of the labor subcontract. Ling sues Federal as surety on the performance bond given to Ling by Robinson. In the findings and conclusions contained in its opinion holding that Ling had breached the subcontract, the District Court, of course, at the same time rejected Ling's claim against Federal alleging Robinson's default. Also in these findings and conclusions, the Court ruled against Ling on its claim for alleged defective work and additional "punch list" work of Robinson. It did, however, allow Ling $3926.54 as moneys charged back to Ling by its prime contractor on work done by Robinson. Here again we affirm on the opinion of the District Court.

In the present appeal there is also a claim by Ling, not appearing in No. 12,277, against Federal for malicious injury to credit, property, business and reputation. The tortious conduct alleged was the notice by Federal's principal, the labor subcontractor, to other parties in interest that Ling had breached its contract with the labor subcontractor; Federal's refusal to accept responsibility for completion of the contract; and the subcontractor's institution of litigation against Ling, all of which was charged as injuring Ling and done with the approval of Federal. The claim was dismissed in the District Court's order granting Ling judgment upon the back charges. As the District Court found Ling had broken the contract, and we have affirmed this decision, the tort claim is defeated too.

Affirmed.